```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GEORGE JUNIOR REPUBLIC           :     CIVIL ACTION
IN PENNSYLVANIA                  :
                                 :
        Defendant-Appellant :
                                 :     No. 07-4537
                                 :
     v.                          :
                                 :
FRANCES WILLIAMS,                :     Appeal from Bankr. Adv.
Administratrix of the Estate of  :     No. 07-00228
Nathaniel M. McCoy               :
                                 :
        Plaintiff-Appellee       :
```

**MEMORANDUM AND ORDER**

**Joyner, J.**                                               **March 19, 2008**


This matter being brought before this Court on appeal by Appellant George Junior Republic's ("GJR"), from the September 28, 2007 Opinion by the United States Bankruptcy Judge Eric L. Frank granting Appellee's Motion to Remand the Philadelphia State Court Action to the Court of Common Pleas, Philadelphia County. For the reasons which follow, the Remand Order is reversed and remanded with instructions to transfer the state court litigation to the United States District Court for the Western District of Pennsylvania so that the court may determine whether remand is appropriate.

**Background**

Defendant-Appellant GJR operates a residential facility for adjudicated delinquents in Mercer County, Pennsylvania. GJR formerly employed Aaron J. Cujas at its facility. Nathaniel M. McCoy was a resident of GJR's in 2004. On June 9, 2004, Mr. Cujas and another employee took Mr. McCoy and several other residents swimming at Slippery Rock Creek in Lawrence County, Pennsylvania. While at Slippery Rock, Mr. McCoy drowned.

Plaintiff Frances Williams, as administratrix of Mr. McCoy's estate, initiated a wrongful death action against and Mr. Cujas and GJR in April 2006 in the Court of Common Pleas of Philadelphia County, Pennsylvania alleging that Mr. Cujas, in the course of his employment at GJR, engaged in intentional and/or reckless conduct that resulted in the death of Mr. McCoy.[1]

Mr. Cujas filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Western District of Pennsylvania on April 20, 2007.

On June 27, 2007, GJR filed a notice of removal in the United States Bankruptcy Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1452(a). GJR additionally

---

[1] Plaintiff subsequently filed a motion to amend her complaint to include a claim for punitive damages based upon additional information that became available through discovery.

filed with the United States Bankruptcy Court for the Eastern District of Pennsylvania a motion to transfer venue to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 157(b)(5).  Plaintiff subsequently filed a motion in the Bankruptcy Court for the Eastern District of Pennsylvania seeking remand and abstention of the state court litigation to the Philadelphia Court of Common Pleas.

Then, on August 1, 2007, GJR filed a nondischargability complaint in the Bankruptcy Court for the Western District of Pennsylvania against Mr. Cujas, initiating an adversary proceeding, seeking  determination pursuant to Section 523(a)(6) of the Bankruptcy Code whether its claim against Mr. Cujas was nondischargeable.

Bankruptcy Judge Eric Frank issued his Order on September 28, 2007, from which GJR appeals, granting Plaintiffs motion for remand and denying GJR's motion to transfer as moot.  The Court also denied GJR's motion for removal for lack of subject matter jurisdiction.

### Standard of Review

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. §158(a), which states:

> The district courts of the United States shall have jurisdiction to hear appeals
>
> > (1) from final judgments, orders, and decrees;

3

> (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
>
> (3) with leave of the court, from other interlocutory orders and decrees;
>
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Under Fed.R.Bankr.P. 8013,

> On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  Findings of fact, whether based on oral or documentary evidence, shall not be set aside, unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

In considering such appeals from bankruptcy court decisions, the district courts are thus required to review the bankruptcy court's findings of fact for clear error, its legal conclusions *de novo*, and its exercise of discretion for abuse thereof.  IRS v. Pransky, 318 F.3d 536, 542 (3d Cir. 2003); Professional Insurance Management v. Ohio Casualty Group of Insurance Companies, 285 F.3d 268, 282-283 (3d Cir. 2002); In re Krystal Cadillac Oldsmobile GMC Truck, Inc., 142 F.3d 631, 635 (3d Cir. 1998).  An abuse of discretion can be based on a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.  In re Myers, 334 B.R. 136,

142 (E.D.Pa. 2005), citing <u>In re SGL Carbon Corp.</u>, 200 F.3d 154, 159 (3d Cir. 1999).

## **Discussion**

Bankruptcy Judge Frank's September 27, 2007 Order granted Plaintiff-Appellee's Motion to Remand and denied Defendant-Appellee's Motion to Transfer as Moot.  In reaching its conclusion, the court also determined that GJR improperly removed the case to federal court because the court lacked subject matter jurisdiction over the wrongful death action.  (Order, at p. 14). By this appeal, GJR challenges the Bankruptcy Court's ruling for the following reasons: 1) that the Court's test to determine subject matter jurisdiction was improper, and thus they erred in concluding that the wrongful death action was not "related to" Mr. Cujas' pending bankruptcy action; 2) that the court erred in considering Plaintiff-Appellee's motion for remand rather than transferring the case to the "home court" (where the bankruptcy action is pending) for a proper determination of venue; and 3) that the Court, as an Article I court, lacked the authority to determine the venue of a wrongful death action under 28 U.S.C. § 157(b)(5).

We will first address the Bankruptcy Court's conclusion that the state court action was improperly removed by GJR.  We will then review the appropriateness of the Bankruptcy Court's decision to analyze the merits of Plaintiff-Appellee's motion for

remand rather than transferring the matter to the United States District Court for the Western District of Pennsylvania for a proper determination of venue.[2]

**Removal**

Pursuant to 28 U.S.C. § 1452(a), a party may remove a claim or cause of action to the district court for the district where the claim is pending if the district court has jurisdiction of the claim under 21 U.S.C. § 1334.  See 28 U.S.C. § 1452.  Section 1334 establishes jurisdiction in the district court for claims that are, *inter alia*, "related to cases under title 11."  21 U.S.C. § 1334(b).  The Third Circuit has explained that in order for an action to be deemed "related to" a bankruptcy case, there must be some "nexus" between the civil proceeding and the title 11 case.  Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984).  The court, in Pacor, expounded on the nexus requirement:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property.  *An action is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the*

---

[2]We decline to address GJR's third argument regarding the authority of a bankruptcy court, as an Article I court, to determine venue.  As we shall discuss, infra, we reverse the court's decision to remand the case to state court other grounds.

>    *bankrupt estate.*"

Id. (emphasis added).

The Federal Rules of Bankruptcy Procedure set forth the procedural requirements for effectuating removal.  Pursuant to Rule 9027(a)(a), a notice of removal shall be filed with the district court in the district within which the civil action is pending.  See Fed. R. Bankr. P. 9027(a)(1).

Bankruptcy Judge Frank determined that Defendant-Appellant's notice of removal was proper procedurally.  (Order, at p. 13).  However, he concluded that the state court case had been improperly removed by GJR because the bankruptcy court lacked subject matter jurisdiction over the action.  Id. at 15-16.  We find this conclusion erroneous.  Removal was proper as there was "related to" bankruptcy jurisdiction as contemplated by 28 U.S.C. § 1334(b).

The court's Order correctly cites Pullman v. Jenkins, 305 U.S. 534, 59 S.Ct. 347 (1939), Carpenters Pension Trust for Southern California v. Ebbers, 299 B.R. 610, 613 (C.D. Cal. 2003) and related cases which have held that subject matter jurisdiction must exist at the time that a notice of removal is filed.  (Order at, p. 14-15).

However, in applying the facts of this case to that holding, we find that the bankruptcy court improperly excluded the fact of GJR's nondischargeability claim its jurisdictional

analysis.  The bankruptcy court refused to consider GJR's adversary complaint in its analysis because doing so violated what it deemed the "snapshot in time rule".[3]

We agree with Defendant-Appellant, however, that GJR's claim for nondischargeability existed at the time of removal and should have been considered in the court's analysis.  The alleged facts supporting GJR's nondischargeability complaint were known to the parties at the time that GJR removed the case to federal court.  In its nondischargeability complaint, GJR has alleged that Mr. Cujas' conduct prior to and immediately following Mr. McCoy's death was willful and malicious.  As a result, should Plaintiff succeed at trial, any monetary judgment entered against GJR, due to the actions of Mr. Cujas, would be the result of willful and malicious injury caused by Mr. Cujas against GJR.  (Adversary Complaint, ¶21).  Pursuant to § 523(a)(6) of the Bankruptcy Code, a monetary judgment is nondischargeable if it is a debt for willful and malicious injury.  See 11 U.S.C. § 523(a)(6).

Indeed, GJR's basis for alleging that Mr. Cujas' conduct was willful and malicious stems from facts that have been alleged by Plaintiff regarding Mr. Cujas' conduct.[4]

When Mr. Cujas filed his bankruptcy petition in the United

---

[3]Although GJR had filed its notice of removal on June 27, 2007, its nondischargeability suit was not filed until August 1, 2007.

[4]See Appellee's Motion for Leave of Court to Amend the Ad Damnum Clause of the Complaint to Include a Claim for Punitive Damages ¶ 4, n.3.

States Bankruptcy Court for the Western District of Pennsylvania, his creditors were notified of their right to object to the discharge of his debts.[5] The fact that Mr. Cujas' creditors might have challenged his right to discharge was clearly contemplated by his home bankruptcy court at the time he filed his petition.  Thus, we believe that GJR's nondischargeable claim became fixed as of the date that Mr. Cujas filed his petition bankruptcy petition.[6]  As the court in In re James has explained, discharge of one's debts is not automatic:

> The filing of a petition in bankruptcy operates as an application for a discharge.  That discharge is of course, retroactive to the date of the filing of the petition and discharges the bankrupt from all "dischargeable debts." Those dischargeable debts were fixed as of the date of the filing of the petition in bankruptcy. Of course, declarations of the effect of the discharge occur thereafter, but the critical date is the date of the filing of the petition applying for a discharge. If then the rights of the parties were vested, the subsequent repealer does not operate to change...the relationship between the parties.

In re James, 4 B.R. 115, 117-18 (Bankr. W.D. Pa. 1980).

Because of the retroactive effect of the filing of a bankruptcy petition as it pertains to the potential claims of a

---

[5] The bankruptcy court's clerk informed all parties that the deadline for filing a complaint objecting to Mr. Cujas' discharge was August 27, 2007.  GJR timely filed its adversary against Mr. Cujas on August 1, 2007.

[6] See Section 101(5) of the Bankruptcy Code defining a claim as "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured.  11 U.S.C. § 101(5).

debtor's creditors, we believe that the GJR's claim seeking judicial determination that Mr. Cujas' debt is nondischargeable fixed as of the date of the filing of his bankruptcy petition. Moreover, the claim for nondischargeability pursuant to 11 U.S.C. § 523(a)(6) that GJR has filed against Mr. Cujas necessarily involves pre-removal facts. For those reasons, we believe that the nondischargeability claim should have been considered in the bankruptcy court's jurisdictional analysis.

As we have noted, the test to determine whether an action is "related to" a bankruptcy case is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy". Halper v. Halper, 164 F.3d 830, 837 (3d. Cir. 1999)(quoting Pacor, 743 F.2d at 994). Under these circumstances, we find that the wrongful death action is sufficiently related to the bankruptcy case to grant jurisdiction.

While we recognize that Plaintiff has waived her right to collect any non-dischargeable claims against Mr. Cujas[7], Mr. Cujas has not been relieved of his liability to GJR if Plaintiff succeeds at trial. Should Plaintiff prove that Mr. Cujas' conduct was willful and malicious, the same conduct that GJR's must prove its adversary claim against Mr. Cujas, his ability to be relieved of his debts (which is the aim of a chapter 7 filing)

---

[7] See Plaintiff-Appellee's Brief, at p. 12.

will be compromised.  See Grogan v. Garner, 498 U.S. 279, 286, 111 S.Ct. 654 (1991) (holding that a creditor's interest in recovering full payments of debts in cases where discharge has been challenged pursuant to § 523 may outweigh the debtor's ability to gain a fresh start as is the goal of a chapter 7 petition).

For these reasons, we find that the state court action is sufficiently "related to" Mr. Cujas' bankruptcy action, and the court possessed removal jurisdiction pursuant to 28 U.S.C. 1452(a).[8]  The result of the state court action could "conceivably have an effect" on the administration of Mr. Cujas's estate.  We therefore reverse the decision of the bankruptcy court.

**Motion to Transfer Venue v. Motion for Remand**

We will now address whether it was error for the bankruptcy court to consider the motion to remand rather than transferring the case to the United States District Court for the Western District of Pennsylvania.  Overwhelmingly, the weight of authority in this jurisdiction, and in several others, suggests

---

[8]We further find that the bankruptcy court abused its discretion in reaching its alternative basis for denying removal – equitable remand pursuant to 11 U.S.C. § 1452(b).  For reasons already discussed, we find that the court failed to adequately explore the relatedness of the state court action to the administration of the bankruptcy estate.  Because that factor was one that the court afforded significant weight in its decision to grant equitable remand, we reverse so that the issue may be considered fully.  See Hohl v. Bastian, 279 B.R. 165, 178 (W.D.Pa. 2002).

that when a bankruptcy court is simultaneously confronted with (1) a motion to transfer or change venue of an action which has been removed to it pursuant to 28 U.S.C. § 1452(a) and (2) a motion to remand or otherwise abstain from hearing the change of venue action pursuant to 28 U.S.C. § 1334(c), the action should be transferred to the home court of the bankruptcy to decide the issue of whether to remand or abstain from hearing the action. See e.g. Stamm v. Rapco Foam, Inc. 21 B.R. 715, (Bankr. W.D. Pa. 1982); In re Allegheny Health, 199 WL 1033566 at *1 (Bankr. E.D. Pa. 1999); Everett v. Friedman's Inc., 329 B.R. 40, 41 (E.D. Miss. 2005); In re Aztec Industries, Inc., 84 B.R. 464, 467 (N.D. Ohio 1987).

    In Stamm, the plaintiff filed a complaint against the defendant in the United States District Court for the Western District of Pennsylvania.  Thereafter, the defendant filed a bankruptcy petition under Chapter 11 of the Code in South Carolina.  The defendant-debtor then filed an application for removal in the United States Bankruptcy Court for the Western District of Pennsylvania.  The defendant-debtor also filed in that court a motion to transfer the district court action to the United States Bankruptcy Court for the District of South Carolina.  The United States Bankruptcy court for the Western District of Pennsylvania, in transferring the case to the bankruptcy court in South Carolina explained:

12

> The local bankruptcy court is the most convenient court to receive removal petitions and acts as the first court to review them. If it is also the "home" court [where the bankruptcy case was commenced], it will decide whether to hear the matter or remand it to the district court pursuant to Section 1478(b). If the local district court is not the "home court", it should transfer the case to the "home court".

Id. at 735.

This preference for transferring the case to the "home court" to determine venue is rooted in the logical conclusion that the "home court" is in the best position to evaluate the claims and determine whether remand is appropriate. Id. at 724. This is particularly appropriate when the court to which the case has been removed has no interest in the proceedings but for the operation of section 1478(a) mandating that removal of a state court action be to the bankruptcy court in the district in which the civil action is pending. Id; see also DVI Financial Services, Inc. v. Cardiovascular Labratories, Inc., 2004 Lexis 353 at *12.

For reasons which we have discussed, the Untied States District Court for the Western District of Pennsylvania has an overwhelming interest in these proceedings. Thus, transferring the case to that court to evaluate the issue of remand is most appropriate.

**Conclusion**

     For the reasons that we that we have stated, this court is of the view that the removal was not deficient from a procedural or jurisdictional standpoint.  Thus, the court is not persuaded that any impediment existed as to consideration of Defendant-Appellant's motion to transfer.  And, relying on the weight of authority in this district and in an effort to promote judicial economy, we conclude that the United States District Court for the Western District of Pennsylvania (the "home court") remains in the best position to determine if the case should remain in federal court.  Therefore, we remand the case to the bankruptcy court with instructions to transfer the case to the United States District Court for the Western District of Pennsylvania so it may decide if remand is appropriate.  An order follows.

```
                   IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GEORGE JUNIOR REPUBLIC            :    CIVIL ACTION
IN PENNSYLVANIA                   :
                                  :
     Defendant-Appellant          :
                                  :    No. 07-4537
                                  :
v.                                :
                                  :
FRANCES WILLIAMS,                 :    Appeal from Bankr. Adv.
Administratrix of the Estate of   :    No. 07-00228
Nathaniel M. McCoy                :
                                  :
     Plaintiff-Appellee           :
```

**ORDER**

**Joyner, J.**                                                **March    , 2008**

AND NOW, this 19th day of March, 2008, upon consideration of Appellant GJR's Appeal from the September 27, 2007 Opinion and Order of the Bankruptcy Court for the United States District Court for the Eastern District of Pennsylvania, it is hereby ORDERED that the Decision rendered therein granting Plaintiff's Motion for Remand is REVERSED for the reasons set forth in the preceding Memorandum Opinion and this matter is REMANDED to the Bankruptcy Court with instructions to transfer the action to the United States District Court for the Western District of

15

Pennsylvania to determine whether remand of the action to state court is appropriate.

                                          BY THE COURT:

                                          <u>s/J. Curtis Joyner          </u>

                                          J. CURTIS JOYNER, J.